Joseph TANCREDI, Petitioner,

v.

COMMISSIONER OF INTERNAL
REVENUE, Respondent.

Charles LISI, Petitioner,

v.

COMMISSIONER OF INTERNAL
REVENUE, Respondent.

Nos. 2, 3, Dockets 22282, 22283.

United States Court of Appeals,
Second Circuit.

Argued Dec. 9, 1954.

Decided Jan. 7, 1955.

Paul J. Foley, Washington, D. C., for petitioners, John R. Foley, Washington, D. C., of counsel.

H. Brian Holland, Asst. Atty. Gen., Ellis N. Slack and Harry Baum, Sp. Assts. to Atty. Gen., David Walters, for respondent.

Before CLARK, Chief Judge, and SWAN and MEDINA, Circuit Judges.

PER CURIAM.

Tancredi and Lisi were engaged in business as partners. Each purported to form a subpartnership with members of his family pursuant to which they would have a half interest in his interest in the Tancredi and Lisi partnership. The Tax Court held that portions of the net income of the partnership in 1944 which were reported as distributed to the wife and four children of Tancredi and to the wife and four children of Lisi constituted income to the respective heads of the two families. After a careful review of the evidence, Judge Hill found in his memorandum opinion that "the wives and children of these two families entered into no partnership agreements with petitioners until October 1944," and that "In October 1944 * * * these family subpartnerships were undertaken as the most expedient device for reducing the higher taxes which would result from the unprecedented business success in 1944. In actuality no change occurred in the economic relationship of the Tancredi or Lisi families after the formation of the subpartnerships." These findings are based in part on disbelief of the oral testimony of witnesses. We cannot say they are clearly erroneous; in fact, they are well supported by the mass of contradictions both in the so-called partnership agreements and the book entries. Outstanding is the fact that the profits increased from about $5,300 in 1943 to over $113,000 in 1944, thus providing the best of motives for a tax evasion scheme. In this setting the dearth of services rendered by the alleged subpartners and the lack of capital contribution on their part are particularly significant. Hence there was clearly no error in the way Judge Hill applied the principles enunciated in Com-

missioner of Internal Revenue v. Culbertson, 337 U.S. 733, 69 S.Ct. 1210, 93 L.Ed. 1659, upon which the taxpayers strongly rely.

The decisions are affirmed.